# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2038

_____

| | |
|---|---|
| Myrna Ochoa-Carrillo, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of an |
| v. | * Order of the Department |
| | * of Homeland Security. |
| Alberto Gonzales, Attorney General | * |
| of the United States of America | * |
| | * |
| Respondent. | * |

_____

Submitted: October 12, 2005
Filed: February 15, 2006

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

LOKEN, Chief Judge.

Myrna Ochoa-Carrillo petitions for judicial review of an order of the Bureau of Immigration and Customs Enforcement (BICE) reinstating a prior removal order.[1] The order was entered pursuant to § 241(a)(5) of the Immigration and Nationality Act,

_____

[1]The Homeland Security Act of 2002 abolished the Immigration and Naturalization Service and transferred the authority to enter the order at issue to the Department of Homeland Security, which placed that authority in BICE. Thus, Attorney General Gonzales may not be the proper respondent, but the government has not raised this issue so we decline to consider it.

8 U.S.C. § 1231(a)(5),[2] and its implementing regulation, 8 C.F.R. § 241.8. Ochoa-Carrillo argues that BICE erred in determining that she is the alien named in the prior order and that the regulation violates the statute and her right to procedural due process. We have jurisdiction to review an order reinstating a prior order of removal. See 8 U.S.C. § 1252(a); Briones-Sanchez v. Heinauer, 319 F.3d 324, 326 (8th Cir. 2003). Our review is limited to the agency's certified administrative record. See 8 U.S.C. § 1252(b)(4)(A); Grass v. Gonzales, 418 F.3d 876, 879 (8th Cir. 2005). We conclude that the agency's identity determination is well supported in the administrative record. We reject Ochoa-Carrillo's statutory argument and conclude that she has failed to establish the prejudice necessary to support a procedural due process challenge. Accordingly, we deny the petition for review.

## I. Background Facts.

In November 2001, Ochoa-Carrillo married an American citizen in Kansas City, Missouri. She applied for an adjustment of status to lawful permanent resident on INS Form I-485, representing that she had never been deported but had used a false social security number to obtain work. Immigration officials submitted the application, which included Ochoa-Carrillo's fingerprints, to the FBI for a routine criminal check. The FBI reported that the applicant's fingerprints matched those of an alien named Ivette Trevizo-Frias who made a false claim of U.S. citizenship and was summarily removed under a removal order dated March 2, 1998.[3] In March 2004,

---

[2]The statute provides: "If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry."

[3]The record also contains a February 1993 exclusion order entered after Ochoa-Carrillo entered the country by presenting a false resident alien identification card, and

the INS denied the I-485 application on the ground that Ochoa-Carrillo "made a false claim to United States citizenship on March 2, 1998, was subsequently removed from the United States as a result of that claim, and no waiver of this ground of inadmissibility is available." See 8 U.S.C. § 1182(a)(6)(C)(ii).

Ochoa-Carrillo sought to renew her alien employment authorization in late April, 2004. She was detained because of the I-485 denial. On April 26, immigration officers in Kansas City served Ochoa-Carrillo and her attorney with a Notice of Intent/Decision to Reinstate Prior Order (INS Form I-871). The Notice recited that Ochoa-Carrillo was removable under 8 U.S.C. § 1231(a)(5) because she had illegally reentered the United States after being removed pursuant to the March 2, 1998 removal order. Ochoa-Carrillo refused to sign the Acknowledgment and Response section of the Notice, where she could have stated that she wished "to make a statement contesting the determination." BICE's Acting Interim Resident Agent in Charge then signed the Order at the bottom of the form, certifying that he "determined that the above-named alien is subject to removal through reinstatement of the prior order." That determination and order are the subject of this petition for review.

The record reflects that BICE again submitted Ochoa-Carrillo's fingerprints to the FBI on April 27. The FBI responded that day, reporting that the fingerprints submitted "are identical with" those of Trevizo-Frias. On April 29, Ochoa-Carrillo filed this petition for review. She also filed a motion to reopen the February 1993 exclusion proceedings with the Department of Justice and petitions for a writ of habeas corpus and for a stay of removal with the United States District Court for the Western District of Missouri. The district court granted a stay of removal. The habeas petition remains pending in that court (Case No. 04-4089-CV).

---

a Record of Deportation stating that she was apprehended and removed at a point of entry on March 10, 1998.

## II.  Discussion.

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546 (1996), enacted significant changes to the statutory reinstatement and removal procedure.  See Alvarez-Portillo v. Ashcroft, 280 F.3d 858, 862-63 (8th Cir. 2002), cert. denied, 537 U.S. 1111(2003).  The statute does not prescribe the procedures to be followed in reinstating a prior removal order.  Responding to legislative history reflecting Congress's intent to expedite the removal of those who illegally reenter, the Attorney General promulgated regulations adopting a summary reinstatement procedure.  See 8 C.F.R. § 241.8; Lattab v. Ashcroft, 384 F.3d 8, 17-20 (1st Cir. 2004).[4]

---

[4]As relevant here, the regulations provide:

§ 241.8 Reinstatement of removal orders.

(a) Applicability.  An alien who illegally renters the United States after having been removed . . . shall be removed from the United States by reinstating the prior order.  The alien has no right to a hearing before an immigration judge in such circumstances.  In establishing whether an alien is subject to this section, the immigration officer shall determine the following:

(1)  Whether the alien has been subject to a prior order of removal. . . .

(2)  The identity of the alien, i.e., whether the alien is in fact an alien who was previously removed . . . . In disputed cases, verification of identity shall be accomplished by a comparison of fingerprints between those of the previously . . . removed alien . . . and those of the subject alien.  In the absence of fingerprints in a disputed case the alien shall not be removed pursuant to this paragraph.

(3) Whether the alien unlawfully reentered the United States.  In making this determination, the officer shall consider all relevant evidence, including statements made by the alien and any evidence in the alien's possession.  The

**A.**

Ochoa-Carrillo first argues that the April 26, 2004 Notice of Reinstatement erred in *alleging* that she is subject to a prior order of removal. She asserts that the Notice was invalid because BICE did not ask the FBI for a fingerprint comparison until April 27, the day after its adverse determination, whereas the regulation provides that, in a disputed case, "verification of identity shall be accomplished by a comparison of fingerprints" and the summary reinstatement procedure may not be used "[i]n the absence of fingerprints," 8 C.F.R. § 241.8(a)(2). This assertion is legally unsound because the regulation does not state that the summary reinstatement procedure may not be *commenced* absent fingerprint evidence. More importantly, the assertion is factually wrong. The Notice was issued after the March 2004 denial of Ochoa-Carrillo's I-485 application, which in turn was based upon FBI fingerprint comparisons in 2002 that reported a match with the prints of Trevizo-Frias. Thus, BICE was fully justified in issuing a Notice of Reinstatement under§ 241.8.

Ochoa-Carrillo's appeal brief then attempts to catalog all the mistakes that FBI examiners might have made in comparing the fingerprints. Assuming this is a challenge to the agency's identity determination, rather than the Notice, there is no record support for these speculative contentions. Ochoa-Carrillo was entitled to contest identity. See 8 C.F.R. § 241.8(a)(2). The agency's reliance on a prior removal order identifying the removed alien by a different name raised an identity issue. But

immigration officer shall attempt to verify an alien's claim, if any, that he or she was lawfully admitted . . . .

(b) Notice. If an officer determines that an alien is subject to removal . . . he or she shall provide the alien with written notice of his or her determination [and] shall advise the alien that he or she may make a written or oral statement contesting the determination. If the alien wishes to make such a statement, the officer shall allow the alien to do so and shall consider whether the alien's statement warrants reconsideration of the determination.

when served with the Notice on April 26, Ochoa-Carrillo did not make a written statement disputing the agency's determination. She apparently raised the identity issue orally because BICE submitted another fingerprint request to the FBI the next day. The FBI promptly reported another match with the prints of Trevizo-Frias, a report that gave the agency decision-maker no basis to reconsider his April 26 identity determination, as 8 C.F.R. § 241.8(b) expressly permits.

Ochoa-Carrillo made no further record on the identity issue. Instead, she filed an administrative motion to reopen the February 1993 exclusion proceedings on grounds other than mistaken identity; a petition for review to this court, which may only consider the administrative record; and a habeas petition to the district court, which had no jurisdiction because judicial review lies exclusively in the court of appeals.[5] On this record, we must reject any challenge to the fingerprint evidence relied upon by BICE in making its identity determination. Thus, substantial evidence on the administrative record as a whole supports BICE's decision to reinstate the March 2, 1998 removal order and remove Ochoa-Carrillo as an illegal reentrant.

### B.

Ochoa-Carrillo argues that BICE violated the Immigration and Nationality Act by entering the reinstatement order without the hearing before an immigration judge that must precede entry of an initial removal order. See 8 U.S.C. § 1229a(a)(1) and (b)(4). These hearing provisions apply broadly to removal proceedings: "Unless otherwise specified in this chapter, a proceeding under this section shall be the sole

---

[5]See 8 U.S.C. § 1252(a)(5); Lopez v. Heinauer, 332 F.3d 507, 512 (8th Cir. 2003). Our decision in Lopez deprived the district court of jurisdiction at the time Ochoa-Carrillo filed her habeas petition. We have now afforded the judicial review to which she is entitled. Accordingly, the Western District of Missouri should now transfer the case to this court under the REAL ID Act, Pub. L. 109-13, Div. B, Title I, § 106(c) (2005).

and exclusive procedure for determining whether an alien may be . . . removed from the United States." 8 U.S.C. § 1229a(a)(3). Because § 1231(a)(5) does not prescribe different procedures to be employed in reinstating a removal order, Ochoa-Carrillo contends that BICE must therefore comply with the § 1229a procedures. The argument is based upon the panel decision in Morales-Izquierdo v. Ashcroft, 388 F.3d 1299 (9th Cir. 2004). That decision is now being reviewed by the Ninth Circuit en banc, Morales-Izquierdo v. Gonzales, 423 F.3d 1118 (9th Cir. 2005).

In Alvarez-Portillo, 280 F.3d at 866, in considering whether 8 U.S.C. § 1231(a)(5) had an impermissible retroactive effect, we commented:

> The INS has construed [the statute] as mandating a more streamlined reinstatement procedure. Therefore, its implementing regulation provides the alien with notice and an opportunity to be heard but authorizes an immigration officer to make the required fact findings and enter a reinstatement order in summary fashion. 8 C.F.R. § 241.8. This is clearly a permissible interpretation of the statute that is entitled to substantial judicial deference.

Since that decision, we have upheld at least three reinstatement orders without reconsidering that comment. See Briones-Sanchez, 319 F.3d at 327; Lopez, 332 F.3d at 512; Flores v. Ashcroft, 354 F.3d 727, 730 (8th Cir. 2003). In Lattab, 384 F.3d at 17-20, the First Circuit considered the question in depth, concluding that the statute is ambiguous and agreeing with Alvarez-Portillo that 8 C.F.R. § 241.8 must be upheld as a reasonable interpretation of the statute. In United States v. Tilley, 144 Fed. Appx. 536, 540 (6th Cir. 2005), the Sixth Circuit also upheld the regulation, finding no ambiguity because imposing the procedural requirements of 8 U.S.C. § 1229a would be inconsistent with the requirements of § 1231(a)(5). By either analysis, we conclude the answer is clear -- 8 C.F.R. § 241.8 is a valid interpretation of the Immigration and Nationality Act.

Ochoa-Carrillo further argues that the summary reinstatement procedures mandated by 8 C.F.R. § 241.8 violate the due process rights of aliens who wish to contest reinstatement determinations. Although resident aliens have a right to due process in immigration proceedings, "[t]he constitutional sufficiency of procedures provided in any situation . . . varies with the circumstances." Landon v. Plasencia, 459 U.S. 21, 34 (1982); see Mathews v. Eldridge, 424 U.S. 319 (1976). "[T]o succeed on a due process claim, an alien must prove that he was actually prejudiced by the lack of process afforded to him." Briones-Sanchez, 319 F.3d at 327.

1. The statute provides that an alien shall be removed by reinstating a prior removal order upon a showing that the alien was subject to a prior removal order and illegally reentered the United States. We have previously observed that "the streamlined notice and opportunity to be heard afforded illegal reentrants under § 241.8 seems quite appropriate when the only issues to be determined are those establishing the agency's right to proceed under [8 U.S.C. § 1231(a)(5)] -- the alien's identity, the existence of a prior removal order, and whether the alien has unlawfully reentered." Alvarez-Portillo, 280 F.3d at 867. In three cases, we rejected procedural due process challenges to 8 C.F.R. § 241.8 because the alien did not contest these findings and therefore failed to show prejudice. Flores, 354 F.3d at 730; Lopez, 332 F.3d at 512; Briones-Sanchez 319 F.3d at 327. Ochoa-Carrillo argues that this case is distinguishable because she contested identity, one of the determinations the immigration officer must make in entering a reinstatement order.

The regulation provides that, in disputed cases, "verification of identity shall be accomplished by a comparison of fingerprints." See § 241.8(a)(2). Fingerprint identification often involves a comparison of latent prints, impressions taken from the surface of an object such as a crime scene weapon, and inked prints, those obtained when a person rolls inked fingertips on a piece of paper. Fingerprint identification

involving latent prints has been contested in many cases. See Weinstein & Berger, Weinstein's Federal Evidence § 702.06 (2005). On the other hand, 8 C.F.R. § 241.8 prescribes a comparison of two sets of inked fingerprints taken by government officials for immigration or other regulatory purposes. Inked prints are of higher quality than latent prints, and comparisons of inked prints are more reliable. See United States v. Mitchell, 365 F.3d 215, 243 (3rd Cir.), cert. denied, 543 U.S. 974 (2004) ("It is significantly easier to match one clean full-rolled [inked] print to another than it is to match a somewhat distorted latent fragment to a full-rolled print."). Thus, it is reasonable for the agency to employ a summary procedure when its identity determination is based upon the comparison of inked fingerprints in its records. Of course, nothing in the regulation bars an alien from requesting copies of the agency's fingerprint evidence and subjecting that evidence to examination by an independent expert. But in the absence of such a fact-based challenge, the due process argument fails for lack of a showing of prejudice.

2. Ochoa-Carrillo argues that the summary reinstatement proceeding provides no "meaningful opportunity" to review the alien's files and respond. Here, Ochoa-Carrillo, represented by counsel, was presented with a written Notice and given an opportunity to make a written statement, which she declined. The regulations provide that the alien may examine relevant records, see 8 C.F.R. §§ 103.2(b)(16)(i), 103.10, 1292.4(b). The entry of appearance form signed by Ochoa-Carrillo's attorney noted the "availability of records" for review. This contention is without merit.

3. Ochoa-Carrillo next argues that she lacked adequate opportunity to create an adequate record for judicial review. Again, the record belies this claim. On April 26, she orally contested identity. The next day, BICE requested another FBI fingerprint comparison. The FBI again reported that the fingerprints of Ochoa-Carrillo and Trevizo-Frias matched. The record contains no written statement or motion by Ochoa-Carrillo requesting additional process and explaining why it would produce a different result. In other words, though given a meaningful opportunity to

raise and contest the identity issue, Ochoa-Carrillo submitted nothing in the nature of an offer of proof demonstrating that, with more process, she would prevail in the face of the substantial identity evidence furnished to BICE by the FBI. This procedural due process challenge fails because no prejudice has been shown.

4. Ochoa-Carrillo argues that the regulations fail to provide aliens with the advice and assistance of counsel. She was represented by counsel at all relevant times. No prejudice has been shown.

5. Ochoa-Carrillo argues that placing the reinstatement decision in the hands of an immigration officer, rather than an immigration judge, results in unacceptably biased decision-making. The Supreme Court long ago characterized this due process argument as "without substance." Marcello v. Bonds, 349 U.S. 302, 311 (1955); accord Gomez-Chavez v. Perryman, 308 F.3d 796, 802 (7th Cir. 2002), cert. denied, 540 U.S. 811 (2003); United States v. Garcia-Martinez, 228 F.3d 956, 960-61 (9th Cir. 2000), cert. denied, 531 U.S. 1179 (2001); United States v. Benitez-Villafuerte, 186 F.3d 651, 659-60 (5th Cir. 1999), cert. denied, 528 U.S. 1097 (2000).

6. Finally, citing no relevant authority, Ochoa-Carrillo argues that § 241.8 violates due process because it fails to require that the alien be given notice of the right to judicial review. Ochoa-Carrillo filed a timely petition for judicial review to this court. Again, no prejudice has been shown.

We deny the petition for review.