# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1390

_____

| | | |
|---|---|---|
| Ibrahima Mamadou Balde; | * | |
| Fatoumata Dalanda Diallo, | * | |
| | * | |
| Petitioners, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Michael B. Mukasey,[1] | * | |
| Attorney General of the United States | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: May 20, 2008
Filed: May 23, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ibrahima Mamadou Balde (Balde) and Fatoumata Dalanda Diallo (Diallo) petition for review of an order of the Board of Immigration Appeals (BIA), affirming an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief

_____

[1]Michael B. Mukasey has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

under the Convention Against Torture (CAT).[2] Balde also contests the BIA's finding that he filed a frivolous asylum application and Diallo challenges the BIA's denial of her motion to remand. We deny the petition.

Balde was found not credible and was denied asylum and related relief. Upon careful review, we conclude that the adverse credibility determination is supported by specific, cogent reasons for disbelief. See Eta-Ndu v. Gonzales, 411 F.3d 977, 982 (8th Cir. 2005) (standard of review). Balde provided untruthful testimony and he submitted documents which were determined to be fraudulent upon investigation by the former Immigration and Naturalization Service. See Bropleh v. Gonzales, 428 F.3d 772, 777 (8th Cir. 2005) (fraudulent document submitted to corroborate key element of alien's asylum application can support adverse credibility determination); Barreto-Claro v. U.S. Att'y Gen., 275 F.3d 1334, 1336-39 (11th Cir. 2001) (undisclosed information, which bore upon whether alien had resettled so as to no longer be in flight from persecution, was material to asylum application); see also Lin v. U.S. Dep't of Justice, 459 F.3d 255, 271 (2d Cir. 2006) (describing factors courts use to assess reliability of investigative report). The adverse credibility finding is dispositive of Balde's withholding-of-removal claim. See Zine v. Mukasey, 517 F.3d 535, 541 (8th Cir. 2008) (when asylum, withholding-of-removal, and CAT claims are based on same discredited testimony, adverse credibility finding is fatal to all three claims). We also find no merit to Balde's assertions that the IJ erred by drawing a negative inference from his attempt to withdraw his asylum application and by considering withdrawn removability charges.

Diallo too was found not credible and was denied withholding of removal and CAT relief. See id. We conclude once again that the adverse credibility finding is

_____

[2]Diallo does not challenge the denial of asylum, and Balde's challenge to the denial of CAT relief is not properly before us as he failed to raise it in his appeal to the BIA, see Ateka v. Ashcroft, 384 F.3d 954, 957 (8th Cir. 2004) (appeals court lacks jurisdiction to review issue not presented to BIA).

supported by specific, cogent reasons for disblief.  See Eta-Ndu, 411 F.3d at 982. Diallo submitted suspect documentation of her identity, she failed to provide other credible documentary evidence to establish her identity, and her testimony was inconsistent with other record documents.  See Esaka v. Ashcroft, 397 F.3d 1105, 1110 (8th Cir. 2005) (adverse credibility determination can be based on lack of corroborating evidence if there are also inconsistencies in testimony, contradictory evidence, or inherently improbable testimony).  Although Diallo offered an explanation for the inconsistency, we cannot say any reasonable factfinder would be persuaded.  Cf. Krouchevski v. Ashcroft, 344 F.3d 670, 673 (7th Cir. 2003) (if petitioner's explanations and IJ's adverse inferences from discrepancies both appear valid, reviewing court should not supersede IJ's credibility finding).

Diallo suggests that consolidating her case with Balde's violated her due process rights.  We disagree because, among other reasons, Diallo was not denied a full and fair opportunity to present her claims and has failed to show how the outcome in her case would have been different absent consolidation.  See Burger v. Gonzales, 498 F.3d 131, 134 (2d Cir. 2007) (to establish violation of due process, alien must show she was denied full and fair opportunity to present claims, or that IJ or BIA otherwise deprived her of fundamental fairness); Lopez v. Heinauer, 332 F.3d 507, 512-13 (8th Cir. 2003) (alien must demonstrate both fundamental procedural error and that error resulted in prejudice).

The BIA's finding that Balde filed a frivolous asylum application is supported by substantial evidence as Balde was notified of the consequences of filing a frivolous application, yet he submitted fraudulent documents in support of his application.  See Aziz v. Gonzales, 478 F.3d 854, 857 (8th Cir. 2007) (substantial evidence supported frivolousness determination where alien admittedly lied to IJ and submitted fraudulent supporting evidence); Ignatova v. Gonzales, 430 F.3d 1209, 1211, 1214 (8th Cir. 2005) (alien was notified of consequences of filing frivolous application, but nonetheless submitted fraudulent document).  Finally, we conclude that the BIA did

-3-

not abuse its discretion in denying Diallo's motion for a remand given that the marriage-related documentation Diallo sought to present would not have altered the BIA's outcome in light of the other bases for the adverse credibility finding. <u>See</u> <u>Singh v. Gonzales</u>, 436 F.3d 484, 487 (5th Cir. 2006) (abuse-of-discretion standard of review).

Accordingly we deny the petition.

_____