# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1535

_____

| | | |
|---|---|---|
| Rodolfo Gomez-Olvera, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review |
| v. | * | of an Order of the |
| | * | Department of Homeland Security. |
| Janet Napolitano, Secretary, | * | |
| Department of Homeland Security, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: November 17, 2011
Filed: January 9, 2012

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Rodolfo Gomez-Olvera petitions for review of an order issued by the Department of Homeland Security Immigration and Customs Enforcement (DHS) reinstating a prior deportation order against him. Because Gomez-Olvera cannot show that he was prejudiced by any lack of process and because his other claims are foreclosed by statute, we deny the petition.

I.

Gomez-Olvera was born in Mexico in 1973 but became a lawful permanent resident of the United States on March 13, 1990. In 1995, however, Gomez-Olvera was convicted of unlawful sex with a minor and petty theft. An immigration judge ordered Gomez-Olvera deported from the United States for having been convicted of two crimes involving moral turpitude. Gomez-Olvera did not seek review of the immigration judge's decision, and he was deported to Mexico on July 5, 1995.

Gomez-Olvera later reentered the United States illegally and was arrested on February 7, 2011. Before leaving the site of Gomez-Olvera's arrest, a deportation officer spoke with Gomez-Olvera's lawyer and made her aware of the location to which Gomez-Olvera would be taken for processing. Although she was given the address and phone number for that location, the lawyer did not appear on Gomez-Olvera's behalf. That same day, DHS notified Gomez-Olvera of its intent to reinstate the 1995 order of deportation. He refused to sign the written notice without a lawyer present and also did not wish to make a statement contesting the determination without the aid of an attorney. Although he was given the opportunity to make a phone call, at which time he could have contacted a lawyer, Gomez-Olvera declined to use the phone and also declined to speak with the Mexican Consulate.

In his petition for review, Gomez-Olvera argues that the 1995 order was "legally erroneous" and that he was denied due process during the reinstatement process. Pet'r's Br. 7.

II.

"We have jurisdiction to review an order reinstating a prior order of removal." Ochoa-Carrillo v. Gonzales, 437 F.3d 842, 843 (8th Cir. 2006) (citing 8 U.S.C. § 1252(a); Briones-Sanchez v. Heinauer, 319 F.3d 324, 326 (8th Cir. 2003)).

We cannot review the underlying order, however, in light of the reinstatement statute, which provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5); see also Alvarez-Portillo v. Ashcroft, 280 F.3d 858, 863 (8th Cir. 2002), overruled on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006) (stating that the reinstatement-of-removal procedure does not allow an alien to attack the validity of a prior deportation).  Accordingly, Gomez-Olvera's contention that the 1995 order was legally erroneous must fail.

In reviewing a reinstatement order, "the only issues to be determined are those establishing the agency's right to proceed under [8 U.S.C. § 1231(a)(5)] – the alien's identity, the existence of a prior removal order, and whether the alien has unlawfully reentered." Molina Jerez v. Holder, 625 F.3d 1058, 1062 (8th Cir. 2010) (alteration in original) (quoting Alvarez-Portillo, 280 F.3d at 867).  In this case, Gomez-Olvera's identity is not disputed,  he was ordered deported in 1995, and he illegally reentered the United States some time prior to February 7, 2011.  Gomez-Olvera does not contest these facts, and thus the reinstatement order was proper.

Gomez-Olvera contends that his due process rights were violated in the reinstatement proceeding because he was not given an attorney or access to his immigration file.  Because of these deficiencies, Gomez-Olvera argues that "[h]e was not allowed to respond to the allegations against him before DHS reinstated the prior order." Pet'r's Br. 20.  We have jurisdiction to hear Gomez-Olvera's due process

claim. 8 U.S.C. § 1252(a)(2)(D) (restoring limited jurisdiction to the circuit courts of appeals for judicial review of constitutional claims and questions of law). "To succeed on a due process claim, an alien must prove that he was actually prejudiced by the lack of process afforded to him." Ochoa-Carrillo, 437 F.3d at 847 (quoting Briones-Sanchez, 319 F.3d at 327). "Actual prejudice results where defects in the deportation proceedings may well have resulted in a deportation that would not otherwise have occurred." Lopez v. Heinauer, 332 F.3d 507, 512-13 (8th Cir. 2003) (quoting United States v. Torres-Sanchez, 68 F.3d 227, 230 (8th Cir. 1995)).

Gomez-Olvera was not prejudiced by any lack of process afforded him. Neither the presence of an attorney nor access to his immigration file would have changed Gomez-Olvera's status as an alien who illegally reentered the United States following the entry of a removal order against him. Because Gomez-Olvera challenges none of the three determinations relevant to the reinstatement order, his deportation order would undoubtedly have been reinstated. See Flores v. Ashcroft, 354 F.3d 727, 730 (8th Cir. 2003) (concluding that petitioner was not prejudiced by the lack of a new hearing before an immigration judge when she "[did] not challenge any of the three relevant determinations concerning the validity of a reinstatement order"); Lopez, 332 F.3d at 512 (same); Briones-Sanchez, 319 F.3d at 327 (same). Because Gomez-Olvera has not shown that he suffered any prejudice as a result of any lack of process, he cannot establish a due process violation.

III.

The petition is denied.

_____