# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-3409

_____

Juan Hernandez Gonzalez

*Petitioner*

v.

William P. Barr, Attorney General of United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 16, 2020
Filed: April 21, 2020
[Unpublished]

_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Mexican citizen Juan Hernandez Gonzalez petitions for review of an order, issued by the Department of Homeland Security (DHS) in 2019, reinstating a prior expedited order of removal against him, and also petitions for review of a final order

of removal entered by an immigration judge upholding a DHS immigration officer's reasonable fear determination. As a preliminary matter, we conclude that Hernandez Gonzalez waived any challenge to the immigration judge's order because he failed to address it in his briefs. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised or meaningfully argued in opening brief is deemed waived).

This court has limited jurisdiction to review a reinstatement order, including due process challenges. See Ochoa-Carrillo v. Gonzales, 437 F.3d 842, 843 (8th Cir. 2006) (recognizing jurisdictional authority); Cardoza Salazar v. Barr, 932 F.3d 704, 709 (8th Cir. 2019) (petitioner must demonstrate fundamental procedural error and prejudice to succeed on a due process challenge to a reinstatement order). For reversal, Hernandez Gonzalez argues that there was not substantial evidence to support the 2019 reinstatement order because the underlying removal order was not properly issued, served, or executed, and he suggests that his due process rights were violated as a result. We lack jurisdiction, however, to review a collateral attack on the underlying removal order in a petition for review of a reinstatement order. See 8 U.S.C. § 1231(a)(5) (stating, in part, that a reinstated prior order of removal "is not subject to being reopened or reviewed"); Lara-Nieto v. Barr, 945 F.3d at 1059-60 & n.4 (8th Cir. 2019) (this court lacks jurisdiction to consider a collateral challenge to the validity of an underlying removal order, including a due-process challenge based on alleged infirmities in the removal order, because this court's jurisdiction is limited to the reinstatement order itself); Briones-Sanchez v. Heinauer, 319 F.3d 324, 327 (8th Cir. 2003) (petitioner, who challenged an underlying removal order, could demonstrate no prejudice, and thus no due process violation, because even if DHS had granted him additional process during the reinstatement proceedings, § 1231(a)(5) nevertheless precluded a collateral attack on the removal order).

This court's jurisdiction is instead limited to reviewing the reinstatement order itself, i.e., whether DHS established Hernandez Gonzalez's identity, the existence of a prior removal order, and his unlawful reentry into the United States. See 8 C.F.R. § 241.8(a) (reinstatement criteria); Perez-Garcia v. Lynch, 829 F.3d 937, 940 (8th Cir. 2016) (discussing criteria); see also Lara-Nieto, 945 F.3d at 1059 (this court reviews a reinstatement order for substantial evidence and will not overturn DHS's factual findings unless it would not be possible for any reasonable fact-finder to reach the same conclusion). Hernandez Gonzalez concedes that he unlawfully reentered the United States at some point, but he contests the existence of a removal order, and he appears to contest his identity, as he raises purported factual discrepancies and evidentiary shortcomings in the record.[1] We conclude that Hernandez Gonzalez failed to exhaust these issues because when DHS presented him with the opportunity to contest the reinstatement order, which stated that he had been previously removed pursuant to an order of removal, he declined to do so. See Perez-Garcia, 829 F.3d at 941 (substantial evidence supported DHS's reinstatement decision, including because petitioner did not submit any rebuttal evidence and chose not to make a statement).

We agree with the government that Hernandez Gonzalez's belated attempt to raise some of the discrepancies after DHS entered the reinstatement order was insufficient to exhaust his claims. As this court recently stated, a petitioner must have "raise[d] [the] issue to DHS before the agency reinstated his prior removal order." See Mendez-Gomez v. Barr, 928 F.3d 728, 732 (8th Cir. 2019) (a petitioner's failure to contest reinstatement criterion before DHS deprives this court of jurisdiction for

---

[1]To the extent that Hernandez Gonzalez raises new arguments in the reply or relies on documents outside of the certified administrative record, we will not consider them. See Ochoa-Carrillo, 437 F.3d at 843 (noting that appellate review of a reinstatement order is limited to the certified administrative record); see also Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008) (this court does not consider issues raised for first time in reply brief).

want of exhaustion to review a due process challenge to reinstatement order); <u>see also</u> <u>Ochoa-Carrillo</u>, 437 F.3d at 848-49 (petitioner suffered no prejudice when she did not make a statement to DHS, request additional process by DHS, or submit anything in the nature of an offer of proof to DHS that would demonstrate she would prevail).

The petition for review is denied.  <u>See</u> 8th Cir. R. 47B.

_____