# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4073

_____

| | | |
|---|---|---|
| Maria Flores, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Upon Transfer from the |
| | * | United States District Court |
| John Ashcroft, Attorney General of the | * | for the District of Kansas. |
| United States; Michael Heston, | * | |
| Director of the Immigration and | * | |
| Naturalization Service, Kansas City, | * | |
| Missouri, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: September 9, 2003

Filed: December 31, 2003

_____

Before SMITH, LAY, and BRIGHT, Circuit Judges.

_____

SMITH, Circuit Judge.

Maria del Rosario Flores attempted to enter the United States without valid entry documents and was removed pursuant to an expedited removal procedure that does not afford a hearing. She reentered illegally and applied for an adjustment-of-status. When she arrived for her adjustment interview, she was arrested. The Immigration and Naturalization Service ("INS") reinstated the prior removal order,

pursuant to another expedited procedure that does not afford a hearing. She sought review of the reinstatement, arguing that (1) her detention and removal without the opportunity for a hearing violated due process; (2) her initial exclusion at the border–without being served with a charging document–violated due process; and (3) that she had the right to have her adjustment-of-status application adjudicated prior to her removal. We deny the petition.

I. *Background*

Flores, a native and citizen of Mexico, was excluded from entering the United States at the Mexico border by an immigration officer because she had no valid entry documents in her possession and because she initially misrepresented herself as a United States citizen. *See* 8 U.S.C. § 1225(b)(1)(A) (2000) (authorizing an INS officer to remove arriving aliens without providing the aliens a hearing before an immigration judge). Following this attempted illegal entry, Flores was notified that she was prohibited from entering the United States for five years from the date of her October 14, 1998, exclusion. However, one week after her removal, Flores reentered the United States. She later married David Flores, a United States citizen.

On May 30, 2001, Flores's husband submitted a petition on her behalf, requesting that she be granted status as a lawful, permanent resident. In her adjustment application, Flores stated that she had never been deported or removed from the United States. In November of 2001, Flores had an interview with the INS, prompted by her adjustment-of-status application. During the interview, the INS agent discovered that Flores was subject to an order of removal. The INS ordered the prior removal order reinstated under 8 U.S.C. § 1231(a)(5) (2000), which provides:

> If the Attorney General finds that an alien has reentered the United
> States illegally after having been removed or having departed
> voluntarily, under an order of removal, the prior order of removal is
> reinstated from its original date and is not subject to being reopened or
> reviewed, the alien is not eligible and may not apply for any relief under

this chapter, and the alien shall be removed under the prior order at any time after the reentry.

> An alien who illegally reenters the United States after having been removed, or having departed voluntarily, while under an order of exclusion, deportation, or removal shall be removed from the United States by reinstating the prior order. The alien has no right to a hearing before an immigration judge in such circumstances.

8 C.F.R. § 241.8(a) (2001). Flores filed a petition for habeas corpus in the district court. Because a decision to reinstate a prior removal order is actually the enforcement of a prior final order, we have exclusive jurisdiction to review the removal decision. 8 U.S.C. § 1252(a) (2000); *Brionies-Sanchez v. INS*, 319 F.3d 324, 326 (8th Cir. 2003).

## II. *Discussion*

Flores argues that her detention and removal without the opportunity for a hearing amounts to a deprivation of her rights under the Due Process Clause.[1] We consider constitutional claims under a de novo standard of review. *Escudero-Corona v. I.N.S.*, 244 F.3d 608, 614 (8th Cir. 2001). Flores's arguments are largely foreclosed by existing precedent in our circuit. To the extent we have not yet reached the issue, we conclude that the reasoning of other circuits is persuasive, thereby foreclosing her remaining claims.

---

[1] Flores also argues that her initial exclusion violated the Due Process Clause because she was not served with a charging document. However, the reinstatement statute, as interpreted by our court, bars review of that order either directly or collaterally. 8 U.S.C. § 1231(a)(5); *Brionies-Sanchez*, 319 F.3d at 327–28 (rejecting challenge to reinstatement statute's preclusion of review of prior order).

Flores's claim involves two discrete removal procedures. Flores was first removed under 8 U.S.C. § 1225(b)(1)(A), which provides for the expedited removal–without a hearing–of an alien who is deemed to be inadmissible upon attempted entry, due to misrepresentation. The second provides for the reinstatement of a prior removal order–without a hearing–if the alien later is found in the United States after reentering illegally. 8 U.S.C. § 1231(a)(5). The INS removed Flores under § 1225(b)(1)(A) and now seeks to reinstate that removal under § 1231(a)(5).

Accepting Flores's initial removal order as valid, we turn to the question of whether due process requires a hearing upon reinstatement of that order. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") revised the reinstatement provision, *former* 8 U.S.C. § 1252(f), to its current form, codified at 8 U.S.C. § 1231(a)(5). Before the enactment of IIRIRA, aliens subject to reinstatement had a right to a hearing before an immigration judge. 8 C.F.R. § 242.23 (repealed 1997). However, the current regulation denies those aliens such a hearing. 8 C.F.R. § 241.8(a).

The revised regulations expand the types of orders that can be reinstated and provide that an alien is subject to automatic reinstatement of a prior removal order upon a determination that (1) the alien has been subject to a prior deportation order, (2) the alien is correctly identified as an alien who was removed under a prior order, and (3) the alien unlawfully reentered the United States after her removal. 8 C.F.R. § 241.8(a). Section 1231(a)(5) expressly provides that an alien who meets these criteria "is not eligible" for other relief. Flores acknowledges that (1) she is an alien, (2) who was previously removed, and (3) who reentered the United States illegally.

In order to obtain relief for a violation of procedural due-process rights in immigration proceedings, an alien must show that the violation prejudiced her. *Lopez v. Heinauer*, 332 F.3d 507, 513 (8th Cir. 2003). Because Flores does not challenge any of the three relevant determinations concerning the validity of a reinstatement

-4-

order, there is no doubt that Flores's deportation order would have been reinstated, and she would be statutorily ineligible for any relief even if she had been granted a new hearing before an immigration judge. Accordingly, we need not address whether the INS's procedures for imposing reinstatement orders offends due process.

Notwithstanding the statutory bar to eligibility for relief in the reinstatement provision, Flores argues that she is eligible for adjustment-of-status pursuant to 8 U.S.C. § 1255(i), which provides that a qualifying relative "may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence." Further, "[t]he Attorney General may accept such application only if the alien remits with such application a sum equaling $1,000.00 as of the date of the receipt of the application . . . ." 8 U.S.C. § 1255(i).

Although we agree that Flores fully complied with these procedures, she is still ineligible for relief for two reasons. First, the bar to relief in the reinstatement provision of 8 U.S.C. § 1231(a)(5) controls. *See Padilla v. Ashcroft*, 334 F.3d 921, 925 (9th Cir. 2003). In 2000, Congress expressly excluded certain classes of aliens from the bar of § 1231(a)(5). The amendments revised § 202 of the Nicaraguan Adjustment and Central American Relief Act and § 902(a) of the Haitian Refugee Immigration Fairness Act of 1998 to exempt aliens described in those acts who apply for adjustment-of-status from reinstatement pursuant to § 1231(a)(5). Thus, as stated by the Ninth Circuit, "when Congress intended to exempt certain groups of aliens from the sweep of the reinstatement statute, it knew how to do so." *Id*. Flores's situation–an alien that has filed an adjustment-of-status application prior to the reinstatement of a removal order–does not fall within one of the classes that Congress elected to exclude.

Further, we have stated that previously-removed aliens who illegally reentered the United States after IIRIRA's effective date–like Flores–are ineligible for "discretionary relief such as an adjustment[-]of[-]status." *Alvarez-Portillo v. Ashcroft*,

280 F.3d 858, 866–67 (8th Cir. 2002); *see also Padilla*, 334 F.3d at 925 (holding that the bar to relief in the reinstatement provision controls adjustment-of-status); *Gomez-Chavez v. Perryman*, 308 F.3d 796, 802 (7th Cir. 2002) (finding adjustment-of-status application does not affect alien's removability under reinstatement statute); *Espinal v. Pere*, 144 F. Supp. 2d 53, 55 (D.P.R. 2001) (noting that one of the requirements for adjustment-of-status under § 245(i) of the INA is that the alien have "no prior orders of removal").

Second, Flores is not eligible for adjustment-of-status relief–even if she were not subject to reinstatement. Flores's application was denied on the separate ground of her failure to establish her admissibility to the United States for permanent residence. Specifically, the INS found that Flores was not "the beneficiary of an approved Form I-212, Application for Permission to Reapply for Admission Into the United States After Deportation or Removal," and therefore was not currently admissible to the United States.

PETITION DENIED.

_____