# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4048

_____

Samuel Nehemia,                          *
                                         *
           Petitioner,                   *
                                         *    Petition for Review of an Order of
      v.                                 *    the Board of Immigration Appeals.
                                         *
John Ashcroft, Attorney                  *
General of the United States,            *    [UNPUBLISHED]
                                         *
           Respondent.                   *

_____

Submitted:  March 12, 2004
Filed:  March 19, 2004

_____

Before MURPHY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Samuel Nehemia, a citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals. Nehemia contends that there was not substantial evidence in the record to support the rejection of his claims for asylum, withholding of removal, and relief under the Convention Against Torture. He also argues that his right to procedural due process was violated by the manner in which the immigration judge conducted the asylum hearing and by the Board's issuance of a brief affirmance.

The immigration judge found that Nehemia failed to demonstrate past persecution or a well founded fear or clear probability of future persecution in

Ethiopia on account of his family's connections to the fallen Mengitsu government or his claimed Eritrean descent. Nehemia presented no evidence of past or future persecution by the Ethiopian government on account of positions his father and uncle held under the Mengitsu regime, and he admitted that he knew of no such incidents. He also offered no documentary evidence to support his claim that his mother had been born in Eritrea, and her passport indicated her birthplace was Addis Ababa, Ethiopia. Nehemia provided no satisfactory explanation for this inconsistency or for his inability to obtain his mother's birth certificate or other evidence to corroborate his claim as to her birthplace. He also offered no evidence to suggest that he would be tortured within the meaning of Article III of the Convention Against Torture if returned to Ethiopia. After reviewing the record, we conclude there was substantial evidence in the record to support the denial of asylum, withholding of removal, and relief under the Convention. See Habtemicael v. Ashcroft, 2004 WL 421750, *3 (8th Cir. 2004).

There is also no merit to Nehemia's claim that he was denied due process by the manner in which the immigration judge conducted the asylum hearings or by the Board's brief opinion. The immigration judge adequately explained all pertinent legal concepts to Nehemia, questioned him in a fair and impartial manner, and gave him sufficient time to gather evidence. While an alien's credible testimony alone may be sufficient to satisfy his burden of proof, see 8 C.F.R. § 208.13(a), Nehemia's rights were not violated by the request that he document his claimed Eritrean descent, particularly in light of the contradictory evidence he had presented. The Board's opinion adequately considered Nehemia's arguments, and we conclude after de novo review that his due process rights were not violated. See Flores v. Ashcroft, 354 F.3d 727, 729 (8th Cir. 2003).

Accordingly, we deny the petition.

_____