# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2008

_____

| | |
|---|---|
| Norabely Rubio-Perez, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of |
| v. | * an Order of the |
| | * Board of Immigration Appeals. |
| Michael B. Mukasey,[1] Attorney | * |
| General, | * [UNPUBLISHED] |
| | * |
| Respondent. | * |

_____

Submitted: April 4, 2008
Filed: April 10, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Norabely Rubio-Perez (Rubio), a citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals which affirmed an Immigration Judge's (IJ's) denial of cancellation of removal. In this petition for review, Rubio argues that the IJ violated her due process rights by ruling on her application for cancellation of removal on an incomplete record.

_____

[1]Michael B. Mukasey has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

We have jurisdiction to consider Rubio's due process challenge, see Munoz-Yepez v. Gonzales, 465 F.3d 347, 351 (8th Cir. 2006), but we cannot say that her due process rights were violated.  The missing documents were described at the merits hearing, and the IJ had before him an index of those documents.  Further, the information was relevant to the issues of good moral character and presence in the United States, both of which the IJ decided in Rubio's favor.  Rubio has failed to show how she was prejudiced by proceeding without the documents at issue.  See Flores v. Ashcroft, 354 F.3d 727, 729-30 (8th Cir. 2003) (review of constitutional claims is de novo); Lopez v. Heinauer, 332 F.3d 507, 512-13 (8th Cir. 2003) (to establish violation of due process, alien must demonstrate both fundamental procedural error and that error resulted in prejudice).

Although Rubio also purports to raise a due process challenge to the IJ's "disregard of applicable case law," she is essentially attacking the substance of the IJ's decision, which is unreviewable.  See Zacarias-Velasquez v. Mukasey, 509 F.3d 429, 434 (8th Cir. 2007) (appellate court lacks jurisdiction to review cancellation-of-removal decision because it is type of discretionary determination that Congress shielded from appellate review); Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir. 2006) (per curiam) ("a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb") (quoting Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir. 2001)).

Accordingly, we deny the petition.

_____