Delgado v. Quarantillo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 8ᵗʰ day of May, two thousand fifteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                     *Circuit Judges*.

_____

MONICA PATRICIA TENESACA DELGADO,

                 *Plaintiff-Appellant*,

         v.                                              14-3875

ANDREA J. QUARANTILLO, New York District Director
of the United States Citizenship and Immigration Services,

                 *Defendant-Appellee*.

_____

Appearing for Appellant:     Jarret A. Kahn, Law Offices of Jarret A. Kahn, PLLC, White
                             Plains, N.Y.

Appearing for Appellee:      Kirti V. Reddy, Assistant U.S. Attorney (Emily E. Daughtry,
                             Assistant U.S. Attorney, Preet Bharara, U.S. Attorney for the
                             Southern District of New York, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Monica Patricia Tenesaca Delgado appeals from the October 3, 2014 judgment of the United States District Court for the Southern District of New York (Berman, *J.*) dismissing her complaint for failure to state a claim. Delgado alleged that Andrea J. Quarantillo, New York District Director of the United States Citizenship and Immigration Services ("USCIS"), abused her discretion in denying Delgado's motion to reopen her 2006 application for consent to reapply for admission. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

To prevail before USCIS, Delgado was required to support her motion to reopen with new facts that were material to the merits of her underlying application. *See* 8 C.F.R. § 103.5. To satisfy this requirement, Delgado pointed to subsequent amendments and proposed amendments to the regulations at 8 C.F.R. § 212.2 on which she relied in her initial application for consent to reapply and on the fact that more than ten years had elapsed since her first removal from the United States in 1999.

Quarantillo denied Delgado's motion because these facts were not material to Delgado's application. The amendments to 8 C.F.R. § 212.2 did not pertain to the relief Delgado sought under that regulation. Further, the passage of ten years from Delgado's 1999 removal was immaterial, as the date relevant to the relief sought was ten years from the date of Delgado's "last departure from the United States." 8 U.S.C. § 1182(a)(9)(C)(ii). Delgado's last departure from the United States was in May 2010.

Delgado principally argues that the denial of her application was erroneously premised on the fact that 8 C.F.R. § 212.2 was a "nullity" even though subsequent amendments to § 212.2 prove that the regulation remains in effect. However, this argument is unavailing, as the agency's denial of Delgado's initial application did not rest on treating § 212.2 as a nullity. Instead, it relied on the proposition that relief under § 212.2 is not available to noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II). *See generally Delgado v. Mukasey*, 516 F.3d 65 (2d Cir. 2008). For these reasons, Quarantillo correctly concluded that Delgado failed to point to new facts that would warrant granting her motion to reopen.

We have considered the remainder of Delgado's arguments and find them to be without merit. Accordingly, the judgment of the District Court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk