Ibric v. Barr

BIA
Christensen, IJ
A029 283 819

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand nineteen.

PRESENT:
         JOHN M. WALKER, JR.,
         DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
              *Circuit Judges.*
_____

KEMAL PUDOVIC IBRIC,
         *Petitioner,*

         v.                                                18-112
                                                           NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*
_____

FOR PETITIONER:            Peter E. Torres, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Carl H.
                           McIntyre, Assistant Director;
                           Justin R. Markel, Senior
                           Litigation Counsel, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kemal Pudovic Ibric, a native of the former Yugoslavia and citizen of Montenegro, seeks review of a December 19, 2017, decision of the BIA affirming the July 26, 2017, decision of an Immigration Judge ("IJ") denying his motion to reopen, and denying his motion to remand in the first instance. *In re Kemal Pudovic Ibric,* No. A029 283 819 (B.I.A. Dec. 19, 2017), *aff'g* No. A029 283 819 (Immig. Ct. N.Y.C. July 26, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005). The agency did not abuse its discretion in denying as untimely Ibric's motion to reopen for adjustment of status and his motion to remand to apply for suspension of deportation under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA").

"A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later."  8 C.F.R. § 1003.23(b)(1).  In this case, the IJ's deportation order became final in 1990, and thus Ibric had until September 30, 1996, to timely file his motion to reopen. *See id.*  Although the parties and the agency incorrectly relied on the regulatory provision providing 90 days to file a motion to reopen rather than the later September 30, 1996, deadline, that error was harmless because Ibric's November 2016 motion was indisputably untimely filed more than 20 years after that date. *See id.* Ibric's lengthy residence, good character, U.S. citizen children, and purported eligibility for adjustment of status did not excuse the time limitation.  See 8 U.S.C. § 1229a(c)(7)(C)(ii)-(iv) (listing exceptions); 8 C.F.R. § 1003.23(b)(4) (same); *see also Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (providing that changed personal circumstances do not excuse the time limitation for motions to reopen); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) ("untimely motions to reopen to

pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen").

The BIA also did not err in finding untimely Ibric's motion to remand to apply for suspension of deportation under NACARA. "An alien filing a motion to reopen proceedings pursuant to . . . NACARA, may initially file a motion to reopen . . . , but the motion must be filed no later than September 11, 1998." 8 C.F.R. § 1003.43(e)(1). Because Ibric filed his motion to apply for suspension of deportation under NACARA in 2016, more than 18 years after the deadline, the BIA did not abuse its discretion in denying that motion as untimely. *See id.*

Because Ibric did not meet any exception to the time limitation, "his motion to reopen could only be considered upon exercise of the [BIA's] *sua sponte* authority." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). We lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen proceedings sua sponte. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Although we may remand if the agency "declined to exercise its sua sponte

4

authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood*, 570 F.3d at 469, Ibric has not demonstrated that the agency misperceived the law.

Contrary to Ibric's contention, it is not the agency's policy to reopen sua sponte when noncitizens with outstanding deportation orders become eligible to adjust to lawful status. *See Matter of Yauri*, 25 I. & N. Dec. at 105 ("We emphasize that untimely motions to reopen to pursue an application for adjustment of status . . . will ordinarily be denied."); *see also In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship."). And there is no merit to Ibric's argument that NACARA and 8 U.S.C. § 1255(i) constitute fundamental changes in law that required the agency to reopen his proceedings sua sponte in 2017 because any change in the law occurred more than 20 years earlier when those statutes were enacted. *See Tanov v. INS*, 443 F.3d 195, 199 (2d Cir. 2006); *Delgado v. Mukasey*, 516 F.3d 65, 69 (2d Cir. 2008).

Accordingly, Ibric has not demonstrated that the agency's decision declining to reopen sua sponte was based on a misperception of the law, and we are without jurisdiction to further review that discretionary decision. *See Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

6