Hernandez-Bautista v. Barr

BIA
A073 467 248

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand nineteen.

PRESENT:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

TEODORA HERNANDEZ-BAUTISTA,
> *Petitioner,*

v.                                          14-4247
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**        Mark J. Devine, Charleston, SC.

**FOR RESPONDENT:**        Chad A. Readler, Acting Assistant
                           Attorney General; Leslie McKay,
                           Senior Litigation Counsel; Siu P.
                           Wong, Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Teodora Hernandez-Bautista, a native and citizen of Mexico, seeks review of an October 17, 2014, decision of the BIA denying her motion to reopen. *In re Teodora Hernandez-Bautista,* No. A 073 467 248 (B.I.A. Oct. 17, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). A motion to reopen must be filed no later than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Hernandez-Bautista's motion—filed more than ten years after her appeal was dismissed and she was granted voluntary departure—was thus untimely, and she identified no exceptions to the time limit. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (exception for asylum); 8 C.F.R. § 1003.2(c)(3) (listing exceptions). Accordingly, the only basis for reopening was

the BIA's authority to reopen *sua sponte*.

The BIA has authority to reopen *sua sponte* despite the time and number limitations, *see* 8 C.F.R. § 1003.2(a), but we lack jurisdiction to review the "entirely discretionary" decision declining to do so, *see Ali*, 448 F.3d at 518. Although we may remand if the BIA "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," that exception does not apply here. *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). The BIA did not misperceive the law in declining to reopen Hernandez-Bautista's proceedings.

In her motion to reopen, Hernandez-Bautista conceded that she was inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i). In denying her motion, the BIA relied on subsection (II) of that provision, which states that "[a]ny alien who . . . has been ordered removed . . . and who enters or attempts to reenter the United States without being admitted is inadmissible." Hernandez-Bautista argues that she did not accrue enough unlawful presence to qualify as inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i). But she misunderstands the statute. Although subsection (I) of the provision is limited to aliens

3

who aggregate over one year of unlawful presence, subsection (II) does not have the aggregate time requirement. Accordingly, Hernandez-Bautista has not shown that the BIA misperceived the law in finding her inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II). *See Mahmood*, 570 F.3d at 469.

Further, an alien who is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II) cannot retroactively apply for permission to reapply for admission. *See Delgado v. Mukasey*, 516 F.3d 65, 72-74 (2d Cir. 2008) (citing *In re Torres-Garcia*, 23 I. & N. Dec. 866 (BIA 2006)). Therefore, given Hernandez-Bautista's concessions in her motion to reopen regarding her departure and reentry without permission, and that she was inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i), the BIA did not misperceive the law when it determined that she was inadmissible under § 1182(a)(9)(C)(i)(II) and could not apply for relief nunc pro tunc.

We also lack jurisdiction to consider Hernandez-Bautista's remaining argument. She challenges the constitutionality of the revocation of her 1991 visa petition, but the BIA found that this argument did not implicate an exception to the time limit on motions to reopen

4

or constitute an exceptional circumstance.  As noted above, Hernandez-Bautista's motion to reopen did not implicate any exception to the timing requirement.  We lack jurisdiction to further review the BIA's conclusions that circumstances were not so exceptional as to warrant *sua sponte* reopening. *See Ali*, 448 F.3d at 518.

   For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
